Dear Mr. St. Cyr:
This office is in receipt of your opinion request, which has been assigned to me for research and reply. You raise the following issue for our review:
 "Do the Dual Officeholding and Dual Employment laws of the state prohibit an individual from concurrently holding full-time employment as a police officer with the City of Baton Rouge Police Department, while holding part-time employment with Emergency 911 as a dispatcher in Denham Springs?"
The Dual Officeholding and Dual Employment laws of this state, LSA-R.S. 42:61, et. seq., govern the legality of the concurrent holding of certain positions. These prohibitions are specified in the language of LSA-R.S. 42:63(D) and (E), which provide in pertinent part:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . ." LSA-R.S. 42:63(D).
 No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision, or in a combination of these." LSA-R.S. 42:63(E).
The position of a city police officer constitutes employment in a political subdivision of the state as defined by LSA-R.S.42:62(9). A communication district created pursuant to the provisions of LSA-R.S. 33:9101 is also a political subdivision of the state. LSA-R.S. 33:9101(A) provides, in pertinent part:
 "The governing authority of any parish may by ordinance create communications districts composed of any part of all of the territory lying wholly within the parish. Such districts shall be political and legal subdivisions of the state, with power to sue and be sued in their corporate names and to incur debt and issue bonds." (Emphasis added).
Presumably, both positions in question are characterized as employment with each respective political subdivision. "Employment" is defined as:
 ". . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof." LSA-R.S. 42:62(3); (Emphasis added).
There is no prohibition against holding full-time employment in a political subdivision of the state while holding part-time employment in a separate political subdivision of the state. It is only the holding of simultaneous full-time employments in political subdivisions of the state that is prohibited by law. LSA-R.S. 42:63(E).
Our conclusion is predicated upon the assumption that your employment with the police department is full-time, while your employment as an emergency dispatcher would be part-time. "Full time" is defined as at least seven hours per day of work and at least thirty-five hours per week of work. LSA-R.S. 42:62(4). "Part time" means less than the number of hours of work defined as full time. LSA-R.S. 42:62(5).
We conclude you may concurrently hold these employments, provided the requirements of law are met as stated herein. Please contact this office should further assistance be necessary.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0273E